CONROY v. FOSTER.

1. BILLS AND NOTES—HOLDER IN DUE COURSE.

In action on promissory note by purchaser, finding of trial court that plaintiff was holder in due course of said note, *held*, sustained by evidence.

2. SAME—CONSIDERATION—NOTICE.

Claim by maker of promissory note that purchaser, at time of purchase, knew that the consideration therefor was an executory oral agreement to convey title to land covered by land contract, and therefore note was void, *held*, not sustained by evidence.

Error to Calhoun; Hatch (Blaine W.), J. Submitted April 21, 1931. (Docket No. 164, Calendar No. 35,471.) Decided June 1, 1931.

Assumpsit by John Conroy, as assignee, against Jay B. Foster on a promissory note. Judgment for plaintiff. Defendant brings error. Affirmed.

*Joseph W. McAuliffe,* for plaintiff.

*N. A. Cobb,* for defendant.

FEAD, J. Plaintiff sued defendant on a promissory note given by the latter to Ada T. Lewis on March 1, 1928, for $824.28 with interest at seven per cent. per annum, due 30 days after date. Before maturity and for a valuable consideration plaintiff purchased this note. Under his plea of general issue defendant gave notice of two defenses: (1) That no consideration passed from the payee of said note to defendant; and (2) that defendant had set-offs and counterclaims against said note of

Failure of executory consideration for bill or note as affecting purchaser with knowledge of the character of the consideration, see annotation in 46 L. R. A. (N. S.) 862; L. R. A. 1915F, 1203.

which plaintiff had notice at the time he purchased the instrument. The circuit judge, who heard the case without a jury, rendered judgment for plaintiff, and defendant has appealed.

Appellant's brief presents the following questions:

"(1) Was the plaintiff in this cause a *bona fide* purchaser without notice?

"(2) Is a purchaser of a note from the vendor under a land contract who knew that the consideration for the note was an executory oral agreement of the vendor to convey the title to property covered by the land contract assigned to the purchaser, as part of the transaction and to be by him conveyed to the vendee upon payment, a *bona fide* purchaser?"

As bearing upon the first question the following facts are pertinent. Mrs. Lewis was the owner in fee of a parcel of real estate which had been sold upon a land contract in which she held the interest of vendor. Twelve hundred dollars remained unpaid on this contract. Mrs. Lewis entered into an oral agreement with defendant to deed to him this parcel of land subject to the contract sale and to assign to him her vendor's interest in the land contract upon his paying the $800 note in suit. Before this note matured plaintiff purchased it of Mrs. Lewis at a discount of $50. At the time of plaintiff's purchase Mrs. Lewis' attorney informed plaintiff that payment of the Foster note was secured by a deed and land contract. Plaintiff did not see these instruments until a day or so later, at which time they were delivered to him together with a conveyance to him of the property and an assignment of the vendor's interest in the land contract. Obviously this was done both for the purpose of giving plaintiff security for the payment of the

Foster note and to enable him to convey the real estate and assign the vendor's interest in the land contract to Mr. Foster upon the payment of his note in accordance with the original agreement with Mrs. Lewis. It is appellant's claim that because the oral agreement between himself and Mrs. Lewis involved the transfer of an interest in land it was void and therefore his note was without consideration; and also that because the circumstances above outlined in connection with the giving of the note were called to plaintiff's attention at the time he purchased the instrument it lost its quality of negotiability and it therefore became subject to the same set-offs and counterclaims that it would have been in the hands of the original payee. The record discloses that at the time plaintiff purchased this note and prior thereto appellant held counterclaims against Mrs. Lewis in substantial amounts. Testimony taken before the circuit judge sustains his finding on this phase of the case, which in part is as follows:

"I therefore find that it has been established by a preponderance of the evidence in said case that the plaintiff, John Conroy, took said note on March 21, 1929, in good faith and for value, and that at the time he took in same, the note was complete and regular on its face; that he had no notice of any infirmities in said note, or defects in the title of Ada T. Lewis; that by reason thereof, plaintiff is a holder in due course of said note free from the defenses which defendant has sought to raise in this case, and is entitled to recover thereon."

Question number two, above quoted from appellant's brief, is based upon the hypothesis that plaintiff, at the time he purchased this note, "knew that the consideration for the note was an executory oral

agreement of the vendor to convey the title to property covered by the land contract.'' The testimony in the case disproves this assumption, and the circuit judge properly so found. The judgment of the lower court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.